UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO: 3:07cr108**

| | |
|---|---|
| **UNITED STATES** | **PLAINTIFF** |
| **V.** | |
| **RONNIE LEE ROBINSON** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Ronnie Lee Robinson's Motion to Suppress. The issue was briefed, and a hearing on the matter was held on May 7, 2008. The issue is now ripe for decision.

**I. Facts**

Defendant Robinson was stopped for a traffic violation on May 25, 2007. After he was stopped, police discovered illegal drugs in his vehicle. At hearing, Officer Dan Mason of the Louisville Metro Police testified that he stopped Robinson at about 2 a.m. on May 25. He stated that while patrolling, he spotted Robinson driving an older model Dodge SUV with no license plate illumination. Mason testified that Robinson's license plate was black due to lack of lighting. Because the plate was not lighted, Officer Mason pulled Robinson over. As Mason approached the vehicle, he smelled marijauna. During the traffic stop, Mason learned that Robinson's license was suspended and Robinson did not have insurance. Mason stated that Robinson was cooperative, and that Robinson admitted he possessed a weapon

and drugs, and that he was a prior felon.

After Robinson was arrested, his SUV was impounded. Robinson's wife and mother-in-law later retrieved the SUV from the impound lot. When picking up the vehicle, the women requested a lot employee, Patrick Kronz, to examine the condition of the lights.

Kronz testified at the suppression hearing. He recalled checking the lights on Robinson's vehicle. Kronz stated that while one of the women started the car, he checked all the exterior lights on the car, including the license plate lights, and found them to be in working condition. When the women left with the SUV, Kronz noted on their receipt that all of the vehicle's lights were in working condition. At hearing, Kronz recalled that the Dodge SUV was older, but in good condition.

Robinson's mother-in-law, Brondale Morgan Smith, who helped pick up the SUV at the impound lot, testified that the impound lot receipt indicated that all lights were working. Smith's testimony was consistent with that of Kronz. She stated that she and her daughter picked up the SUV a few days after Robinson's arrest, and that Kronz verified that all lights were in working order at that time.

Smith testified not only about the condition of the lights when the truck was on the impound lot, but also regarding the condition of the lights on the night of the traffic stop. On that night, Robinson brought Smith dinner, and she watched him pull away as she sat on her front porch. She said that she was looking at the SUV because it was so nice, and as the truck pulled away, its bright-red tail lights called attention to the white lights that illuminated the license plate. Smith testified that on the evening prior to Robinson's early morning

traffic stop, his license plate lighting was working.

## II. Discussion

The only issue presented at hearing was whether the traffic stop of Robinson was lawful. Robinson argues that the testimony that his license was illuminated immediately prior to his traffic stop and shortly after his traffic stop serves as evidence that the light was working at the time Officer Mason pulled him over. Therefore, Robinson submits, the traffic stop was without cause and all evidence found during the traffic stop should be suppressed as a Fourth Amendment violation.

The Government responds that Officer Mason saw that the license plate was not illuminated and thus had a reasonable and articulable suspicion that created cause to stop Robinson. The Government stated that whether the light worked before or after Robinson was pulled over does not show that the light was working at the time Officer Mason saw the SUV, particularly given that it was an older vehicle which could have an unreliable electrical system. Further, the prosecution argues that even if Officer Mason was mistaken that the light was not functioning, he had a reasonable and articulable suspicion that it was out and was therefore justified in pulling over Robinson.

The Fourth Amendment protects an individual from unreasonable searches and seizures. Any evidence that stems from an unreasonable search or seizure must be suppressed. Wong Sun v. United States, 371 U.S. 471, 488 (1963). Under Terry v. Ohio, 392 U.S. 1 (1968), an officer without a warrant "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable,

3

articulable suspicion that criminal activity is afoot." Illinois v.Wardlow, 528 U.S. 119, 123 (2000). And while this reasonable suspicion is a less demanding standard than probable cause, it "requires at least a minimum level of objective justification for making the stop . . . [t]he officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Id. at 123 (internal citations omitted). Courts must determine from the totality of the circumstances whether law enforcement had an objective and particularized basis for suspecting criminal wrongdoing. United States v. Arvizu, 534 U.S. 266, 273-277 (2002).

Traffic stops are considered seizures within the meaning of the Fourth Amendment. Whren v.United States, 517 U.S. 806, 809-10 (1996). But a vehicle may be stopped under Terry if an officer has a reasonable and articulable suspicion that "its occupants had engaged, were engaging, or were about to engage in criminal activity." United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006).

Kentucky law requires that "[p]lates shall be kept legible at all times and the rear plate shall be illuminated when being operated during the hours" between one half hour after sunset and one half hour before sunrise. KRS § 186.170, KRS § 189.030. In U.S. v. Simpson, — F. 3d —, 2008 WL 877849, *8 (6th Cir. 2008), the Sixth Circuit found that a "failure to keep a license plate 'clearly legible' is an ongoing violation" of a state traffic law. Clearly, a failure to have a plate illuminated during the early morning period when Robinson was stopped is a traffic violation.

Officer Mason's testimony that the license plate was not illuminated is uncontradicted.

While the lights were working before and after the traffic stop, no testimony refuted Officer Mason's assertion that the license plate was dark at the time of the stop. The Defendant has not provided the Court with any reason not to credit Officer Mason's testimony. Therefore, after reviewing the testimony at the hearing, the Court finds that Officer Mason's testimony sufficiently established probable cause that an ongoing traffic offense was taking place. Even if Officer Mason had been mistaken regarding the light, the "relevant inquiry is whether the police officer possessed probable cause or reasonable suspicion to believe that a traffic violation occurred, not whether a traffic violation in fact occurred." U.S. v. Sanford, 476 F.3d 391, 396 at FN2 (6th Cir. 2007).

And, indeed, a "police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct." United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002). A roadside detention is lawful so long as the officer has probable cause to believe the motorist has violated the traffic laws. United States v. Burton, 334 F.3d 514, 516 (6th Cir. 2003).[1] Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a man of reasonable caution to believe that an offense has been or was occurring. Brinegar v. United States, 338 U.S. 160, 175-176 (1949). Here, Officer Mason's own observation of an unlit

---

[1] In the Sixth Circuit, it is unclear whether an officer is required to have probable cause, or mere reasonable suspicion, to believe that a traffic violation has occurred in order to initiate a traffic stop. See Gaddis v. Redford Twp., 364 F.3d 763, 771 (6th Cir. 2004). For example, in United States v. Burton, a panel of the Sixth Circuit held that a roadside detention is lawful so long as the officer has "probable cause" to believe the motorist has violated the traffic laws. 334 F.3d 514, 516 (6th Cir. 2003). However, another panel held a traffic stop was lawful where the police had "reasonable suspicion" of a violation of vehicle registration and window-tinting regulations. Weaver v. Shadoan, 340 F.3d 398, 407-408 (6th Cir. 2004). It is not necessary for the Court to make sense of this conflict because – even under the probable cause standard – the stop was justified.

5

license plate satisfied the standards of probable cause.

## IV. Conclusion

The traffic stop of Robinson was lawful and therefore no evidence found as result of the stop shall be suppressed. It is hereby ordered that Defendant Robinson's Motion to Suppress is DENIED [DN 18].

cc: counsel of record
U.S. Marshal
U.S. Probation